Zheng v. Holder

BIA
Cheng, IJ
A095 764 339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>    *Circuit Judges.*

_____

QIUYUN ZHENG,
>    *Petitioner,*

>    v.                                    12-1465
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Farah Loftus, Century City, CA.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Francis Fraser,
                       Assistant Director; Kate D. Balaban,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the matter is remanded for further consideration.

Qiuyun Zheng, a native and citizen of the People's Republic of China, seeks review of a March 15, 2012, decision of the BIA affirming the May 11, 2010, decision of Immigration Judge ("IJ") Mary M. Cheng, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiuyun Zheng*, No. A095 764 339 (B.I.A. Mar. 15, 2012), *aff'g* No. A095 764 339 (Immig. Ct. N.Y. City May 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Zheng's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the . . . claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Although the IJ based her credibility finding on some portions of Zheng's testimony that were inconsistent and some inconsistencies between his testimony and the documentary evidence, she also relied on two related inconsistencies in his testimony that are trivial. First, she noted that at the hearing on May 11, 2010, Zheng testified on direct examination that his fiancée's abortion occurred on October 18, 2008, and on cross-examination that it occurred on October 19, 2008. Second, the IJ noted that Zheng testified on direct examination that his fiancée came home from the hospital on October 20, and on cross-examination that she came home on October 18. When

3

confronted with these inconsistencies, he testified that the October 18 date for both events was correct.

These one- and two-day inconsistencies, which Zheng promptly corrected, in testimony given more than a year and one half after the events, are too trivial to lend support to a finding that Zheng lacked credibility. *See Xiu Xia Lin*, 534 F.3d at 166 ("We must assess whether the IJ has provided specific, cogent reasons for the adverse credibility finding . . . .") (internal quotation marks omitted). In view of the fact that the other inconsistencies noted by the IJ are at best of only marginal significance, we conclude that a remand is warranted for reconsideration of Zheng's credibility, without regard to the two items concerning the October dates. And, although we have no doubt that the IJ could reconsider the matter impartially, putting these two items out of her consideration, we believe there is a risk of an appearance of partiality if the same IJ reconsiders the matter. We therefore direct that reconsideration occur at a new hearing before a different IJ.

For the foregoing reasons, the petition for review is GRANTED, and the matter is remanded for reconsideration before a different IJ.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk