Zheng v. Holder

BIA
Balasquide, IJ
A076 143 187

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fourteen.

PRESENT:
    JOHN M. WALKER, JR.,
    DENNIS JACOBS,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

BI XIANG ZHENG,
        *Petitioner,*

        v.                                    13-2016
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Farah Loftus, Century City,
                         California.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Blair T. O'Connor,
                         Assistant Director; Joseph D. Hardy,

**Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bi Xiang Zheng, a native and citizen of the People's Republic of China, seeks review of a May 6, 2013, decision of the BIA, affirming the July 14, 2011, decision of Immigration Judge ("IJ") Javier Balasquide, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Xiang Zheng*, No. A076 143 187 (B.I.A. May 6, 2013), *aff'g* No. A076 143 187 (Immig. Ct. N.Y. City July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also*

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Because Zheng's asylum application is governed by the REAL ID Act, the agency may base a credibility finding on inconsistencies in her statements and other record evidence without regard to whether the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination. Although minor date inconsistencies need not be fatal to an applicant's credibility, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), Zheng's inconsistencies regarding the year of her purported arrest (for practicing Christianity in an underground church) were not minor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Zheng testified on four occasions that her arrest occurred on June 10, 2006, even when confronted with her inconsistent statement in her asylum application that she had been arrested on the same day in 2007. However, upon further questioning as to whether the 2007 date in her application was incorrect, Zheng first stated that she did not know, and then changed her testimony to state that she had been arrested in 2007. The IJ was not compelled to

3

credit her explanation – that she made a mistake and that she was nervous – because she repeatedly provided contradictory statements, even after the inconsistencies were brought to her attention. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The agency also reasonably found that: (1) Zheng's testimony that she remained in China for one year after she stopped reporting to police on a monthly basis was inconsistent with her later testimony that she left China five days after she stopped reporting; and (2) Zheng's testimony that she was arrested in either 2006 or 2007 was contradicted by her brother's testimony that she was arrested in 1997, and his agreement that her arrest occurred more than ten years before her 2011 hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Based on the multiple inconsistencies in the record, the agency reasonably found Zheng not credible and denied her relief insofar as those claims were based on her religion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

4

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b)

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk