Singh v. Sessions

BIA
Hom, IJ
A201 153 487

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMM ARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

SINGH KAMALPRET, AKA KAMALPREET
SINGH, AKA KAMALPRET SINGH,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

15-4053
NAC

_____

FOR PETITIONER:          Joshua E. Bardavid, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED for further consideration.

Petitioner Kamalpret Singh, a native and citizen of India, seeks review of a November 23, 2015, decision of the BIA, affirming an April 28, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh Kamalpret,* No. A201 153 487 (B.I.A. Nov. 23, 2015), *aff'g* No. A201 153 487 (Immig. Ct. N.Y. City Apr. 28, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).

## I. Adverse Credibility Determination

For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, inconsistencies in his statements and evidence, and "any other relevant factor," "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). However, we have noted that purported inconsistencies "must have at least minimal significance," *Feng Yue Li v. Lynch*, 656 F. App'x 563, 565 (2d Cir. 2016), and that "minor date inconsistencies need not be fatal to an applicant's credibility," *Bi Xiang Zheng v. Holder*, 574 F. App'x 24, 25 (2d Cir. 2014).

The agency relied on a one-day inconsistency concerning the date Singh's family's home was allegedly attacked by Hindus. Singh's written statement, his father's affidavit, and an affidavit by Mohinder Singh all reflect that the attack on his family's home occurred on June 10, 2011, after Singh had left India. Balwinder Singh, the family's neighbor, wrote in an affidavit that the incident occurred on June 11, 2011. The neighbor's one-day variation from the account supplied by the petitioner and two others is too trivial to provide a "cogent" reason, *Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016), for finding the petitioner not credible, even allowing for the highly deferential standard of review that is applicable.

3

The agency also relied on the fact that one paragraph in petitioner's March 2012 asylum application concerning a May 5, 2010, attack was identical to one paragraph in an affidavit prepared by Sucha Singh on January 3, 2013.

We have previously noted the plausible significance of substantially similar language appearing in two documents submitted by an asylum applicant. The strongest case for such a circumstance tending to adversely affect an applicant's credibility is where his language is submitted *after* the submission of similar language submitted by a previous applicant. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 519 (2d Cir. 2007). A different, but nonetheless troubling, circumstance is where an applicant submits affidavits with similar language ostensibly prepared by two different people. *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006). As we explained in *Mei Chai Ye*, it is reasonable to infer "that an applicant who herself submits the strikingly similar documents is the common source of those suspicious similarities." 489 F.3d at 519.

However, where, as in this case, another person prepares an affidavit *after* a petitioner submits his application and both documents contain similar or even identical language, the basis for drawing an adverse credibility inference is weaker, and a

4

plausible inference is that the other person is not credible. It is also possible, as the petitioner contends in this case, that, without his knowledge, his application was sent to the other person to use as a template as to form and the other person inadvertently copied the language in one paragraph of the petitioner's application.

It remains the task of the IJ, as fact-finder, to draw a reasonable inference as to how the duplication of language in this case bears on the petitioner's credibility. Nevertheless, because cases involving such language arise in different circumstances, the IJ's obligation to provide a "cogent" reason, *Wu Lin*, 813 F.3d at 129, for his adverse credibility finding requires more of an explanation than this record reveals. Further, in light of our conclusion regarding the one-day discrepancy, an explanation is required as to whether and why the submission of another person's subsequently prepared language is sufficient to sustain an adverse credibility inference in the specific circumstances of this case.

We thus conclude that a remand is warranted for reconsideration of the petitioner's credibility, without regard to the date issue. And, although we have no doubt that the IJ could reconsider the matter impartially, putting the date

5

issue out of his consideration, we believe there is a risk of an appearance of partiality if the same IJ reconsiders the matter. We therefore direct that reconsideration occur at a new hearing before a different IJ. *See Qiuyun Zheng v. Holder*, 530 F. App'x 87, 89 (2d Cir. 2013).

## II. Motion to Remand

In view of our decision to remand, we need not consider whether the BIA exceeded its discretion in declining to remand to the IJ for consideration of allegedly new evidence claimed not to have been previously available.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further consideration before a different IJ.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6